IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Paul Sanders, | : | Case No. 5:07-CV-00682 |
|     Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| David Bobby, | : | |
|     Respondent. | : | |

This case, filed pursuant to 28 U.S.C. § 2254[1], was automatically referred to the undersigned Magistrate pursuant to Local Rule 72.2(b)(2)[2]. Pending is Respondent's Motion to Dismiss Petitioner's Habeas Petition (Docket No. 8), Petitioner's Opposition (Docket No. 10) and Respondent's Reply (Docket No. 11). For the reasons that follow, the Magistrate recommends that the Motion to Dismiss be granted.

## FACTUAL BACKGROUND

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court, the factual findings made by a state court in the direct appeal shall be presumed to be correct. *Keith v.*

---

[1] The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
28 U.S.C.A. § 2254 (Thomson/West 2007).

[2] The Clerk shall refer all *pro se* petitions for habeas corpus filed under 28 U.S.C. § 2254, provided such petition has first been reviewed by the Court pursuant to 28 U.S.C. § 1915(d) and Rule 4 of the Rules Governing § 2254 Cases and a decision has been made to require a response to the petition, to a Magistrate Judge for a Report and Recommendation as provided in Local Rule 72.1, *Duties of United States Magistrate Judges*.

*Mitchell*, 455 F. 3d 662, 666 (6th Cir. 2006) (*citing* 28 U. S. C. § 2254 (e) (1) (2006)). In the underlying state court case, the Court of Appeals for the Eleventh Appellate District, Portage County, Ohio, deemed the following facts relevant:

> On or about March 2, 2004, Petitioner attempted or committed a theft offense with the use of a deadly weapon or dangerous ordinance. Subsequently, on April 8, 2004, Petitioner robbed a Giant Eagle Store with a BB gun. Immediately thereafter, he fled the scene, leading the police on a high-speed chase through residential streets. Petitioner was apprehended when his vehicle ran off the road. On April 15, 2004, Petitioner was indicted by the Portage County Grand Jury on two counts of aggravated robbery, both felonies of the first degree, in violation of OHIO REV. CODE § 2911.01(A)(1) and (C); and one count of failure to comply with the order or signal of a police officer, a felony of the third degree, in violation of OHIO REV. CODE § 2921.331(B)(C)(3). Counts two and three from the April 8, 2004, incident proceeded to a jury trial on September 24, 2004 in the Portage County Court of Common Pleas. The jury found Petitioner guilty of aggravated robbery, and failure to comply with the order or signal of a police officer. Prior to the sentencing hearing, Petitioner entered a written plea of guilty to an amended count one from aggravated robbery, to robbery, for the March 2, 2004, incident. Pursuant to an October 20, 2004, judgment entry, the trial court sentenced Petitioner to serve a prison term of two years on count one, robbery; nine years on count two, aggravated robbery; and four years on count three, failure to comply. The trial court ordered that the sentences in counts two and three were to run consecutively to each other and the sentence of count one was to run consecutively to counts two and three. Thus, Petitioner was sentenced to an aggregate prison term of fifteen years.

*State v. Sanders*, 2005 WL 2211169, *1 (2005); (Docket No. 8, Exhibits A-D, G, H, K).

## **PROCEDURAL BACKGROUND**

Petitioner filed a notice of appeal in the Eleventh District Court of Appeals on October 26, 2004 (Docket No. 8, Exhibit L). Petitioner filed a brief in support of his notice to appeal on January 18, 2005[3] (Docket No. 8, Exhibit M). The Court of Appeals affirmed the conviction on September 12, 2005[4] (Docket No. 8, Exhibit O). Petitioner filed a notice of appeal and motion for leave to file a delayed

---

[3] Petitioner asserted three assignments of error. First, the trial court erred in sentencing him to consecutive terms of imprisonment. Second, the trial court erred in sentencing him to a term of imprisonment that exceeded the statutory minimum without a finding from the jury necessary to support deviating from the prescribed terms. Third, he was deprived of the effective assistance of trial counsel. In essence, Petitioner asked the court of appeals to consider if OHIO REV. CODE § 2929.19 was unconstitutional consistent with *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

[4] The Court found that the Supreme Court of Ohio had not determined that *Blakely* was applicable to Ohio's sentencing scheme. Consequently, trial counsel's failure to raise *Blakely* at the sentencing hearing did not constitute counsel error. The judgment of the trial court was affirmed.

appeal in the Ohio Supreme Court on February 14, 2006 (Docket No. 8, Exhibits P & Q).  The Supreme Court of Ohio denied the motion for delayed appeal and dismissed the case (Docket No. 8, Exhibit S).

## JURISDICTION

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States.  *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).  The "in custody" requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.  *Id*. (*citing Hensley v. Municipal Court*, 93 S. Ct. 571, 1574-1575 (1973)).

Petitioner satisfies both prongs of the requirement for habeas jurisdiction.  He was convicted in the Portage County, Ohio Court of Common Pleas and he is presently incarcerated at the Trumbull Correctional Institution in Leavittsburg, Ohio (Docket No. 1, p. 1).  Petitioner is "in custody" for purposes of habeas jurisdiction.  Furthermore, Petitioner alleges that the trial court violated his rights to the constitutional protections of the Sixth and Fourteenth Amendments to the United States Constitution. Such allegations, if true, are phrased sufficiently to allege a violation and/or denial of specific constitutional guarantees.  The Magistrate finds that this Court has jurisdiction.

## EVIDENTIARY HEARING

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. §

2254(e)(2)[5] (Thompson/West 2007). There is no need for an evidentiary hearing in the instant case particularly since the pivotal issue involves a procedural issue which can be independently resolved without additional factual inquiry.

## STANDARD FOR HABEAS REVIEW UNDER SECTION 2254

In determining whether to issue a habeas writ, the standards set forth in the AEDPA, 28 U. S. C. § 2241 et seq., govern the district court's review of a state court decision. *French v. Jones*, 332 F.3d 430,435 (6th Cir. 2003) *cert. denied* 124 S. Ct. 581 (2003) (*citing Harpster v. Ohio*, 128 F. 3d 322,326 (6th Cir. 1997) *cert. denied*, 118 S. Ct. 1044 (1997)). The AEDPA only provides habeas relief for a state prisoner if adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* (*citing* 28 U.S.C. § 2254(d) (2001)).

The district court must look to see if the state court unreasonably applied a governing legal principle identified by the Supreme Court. *Id.* (*citing Williams, supra*). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.*(*citing* 28 U. S. C. § 2241). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

---

[5] If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-**(A)** the claim relies on **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C.A. § 2254(e)(2)(Thomson/West 2007).

identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* The federal courts are to find "clearly established federal law" in the holdings of the Supreme Court as opposed to its dicta at the time of the relevant state court decision. *Id.* at 435-436 (*citing Williams, supra,* at 1523*; see also Harris* v. *Stovall,* 212 F.3d 940, 944 (6th Cir. 2000) *cert. denied,* 121 S. Ct. 1415 (2001)).

## **ANALYSIS**

Respondent argues that Petitioner's claim is time barred. Specifically, Respondent contends that Petitioner's claim was filed after the expiration of the one year statute of limitations made applicable to the habeas application pursuant to 28 U.S.C. § 2244(d). Respondent argues further that the statute of limitations ran for 109 days until Petitioner filed his motion for delayed appeal in the Ohio Supreme Court, and the statute was tolled while the Ohio Supreme Court considered the motion for delayed appeal. The statute began to run again on March 26, 2006. The statute was not tolled during the 90-day period during which Petitioner had to perfect an appeal in the United States Supreme Court. Respondent contends that the statute expired on December 10, 2006; consequently, the filing of the Petition on March 8, 2007, was untimely.

Petitioner claims that the statute of limitations was tolled from the date of his conviction until the date that he filed a timely appeal in the Ohio Supreme Court. The statute of limitations ran from October 27, 2005, to February 14, 2006, when he filed a motion to leave to file a delayed appeal in the Ohio Supreme Court. The statute was tolled for 109 days while the Ohio Supreme Court considered his motion. On July 27, 2006, the statute began to run again after Petitioner did not file a petition for certiorari in the United States Supreme Court. Consequently, he contends that his petition was timely filed on March 8, 2007.

The AEDPA imposes a one year statute of limitations period for the filing of federal habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d) (Thomson/West 2007). The statute provides that a one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of the date on which the judgment became final or the expiration of the time for seeking such review. *Pratts v. Hurley,* 2007 WL 1577794, *2 (N.D. Ohio 2007). A conviction is considered final for purposes of the one year AEDPA statute of limitations upon "conclusion of direct review or the expiration of the time for seeking such review." *Miller v. Collins*, 305 F.3d 491, 493 -494 (6th Cir. 2002) (*citing* 28 U.S.C. § 2244(d)(1)(A)).

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Pratts, supra.* During the pendency of a delayed appeal or other collateral review, the statute of limitations is tolled, not restarted. *Pratts*, *supra*, at *3. The one year statute of limitations is not tolled for the ninety day period during which a petitioner could have sought review in the United States Supreme Court. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007).

In Petitioner's case, the statute of limitations began to run 45 days after the court of appeals affirmed his conviction on September 12, 2005. One hundred and nine days were exhausted before Petitioner filed a delayed appeal on February 14, 2006. The AEDPA clock stopped and forty five days elapsed pending the Supreme Court's review. When the Supreme Court completed its review on March 29, 2006, the statute began to run again. The statute was not tolled for the ninety-day period that Petitioner could have filed for relief in the United States Supreme Court. In fact, there is no other activity that would have tolled the statute. The statute expired on or about December 10, 2006.

6

Petitioner filed his case in this Court on March 8, 2007.

For the reason that Petitioner's claims in this case are time barred, the merits of Petitioner's Petition for Habeas Corpus are not addressed. The Magistrate recommends that the Petition for Habeas Corpus be dismissed, the Motion to Dismiss be granted and the referral to the Magistrate terminated.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date: 10/31/07

## NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.

Please be advised that, pursuant to rule 72.3(b) of the local rules for this district, the parties have ten (10) days after being served in which to file objections to said report and recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the sixth circuit court of appeals, in *United States v. Walters*, 638 f.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.