IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Paul Sanders,                                         Case No. 5:07 CV 682

                              Petitioner,             MEMORANDUM OPINION
                                                      AND ORDER
            -vs-
                                                      JUDGE JACK ZOUHARY
David Bobby,

                              Respondent.

## BACKGROUND

Petitioner Paul Sanders, a prisoner in state custody, filed a Petition for a Writ of Habeas

Corpus (Doc. No. 1).  The case was referred to Magistrate Judge Vernelis Armstrong for a Report and

Recommendation pursuant to Local Rule 72.2(b)(2).  In her Report and Recommendation (Doc. No.

12), the Magistrate Judge recommended the Court grant Respondent's Motion to Dismiss (Doc. No.

8) because Petitioner did not timely file his Petition.

The matter is now before the Court on Petitioner's Objection to the Report and

Recommendation (Doc. No. 13).  In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir.

1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the

Magistrate's findings.  For the following reasons, the Court finds Petitioner's Objections are not well

taken and are denied.

**DISCUSSION**

The Magistrate found Petitioner's application for a writ of habeas corpus was untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d).[1] Petitioner was convicted of aggravated robbery and failure to comply with order or signal of police officer by the Ohio Court of Common Pleas for Portage County on September 24, 2004 for acts he committed on April 8, 2004. He also pled guilty to robbery on September 27, 2004 for acts he committed on March 21, 2004. The court sentenced Petitioner to an aggregate prison term of fifteen years for the three counts. Petitioner filed a timely notice of appeal in the Eleventh District Court of Appeals on October 26, 2004. The Court of Appeals affirmed his conviction on September 12, 2005. Petitioner filed a Motion for Leave to File a Delayed Appeal in the Supreme Court of Ohio on February 14, 2006. The Ohio Supreme Court denied the motion and dismissed the case on March 29, 2006. Petitioner filed his Petition with this Court on March 8, 2007.

---

[1]

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

**Respondent's Motion to Dismiss**

Respondent argued in his Motion to Dismiss that Petitioner filed his Petition after the one-year statute of limitations under the AEDPA had expired. The Magistrate agreed and found the Petition was untimely. Petitioner objects to the Magistrate's Report, arguing he was entitled to tolling for ninety days after the Ohio Supreme Court denied his motion, during which time Petitioner could have sought relief in the U.S. Supreme Court. The basic question is when the one-year statute of limitations was tolled and when it elapsed.

Petitioner does not object to the following findings by the Magistrate: (1) § 2244(d) provides a one-year statute of limitation running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" (2) the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending;" (3) the statute of limitations was tolled from the time of conviction to October 27, 2005, the deadline for a timely appeal to the Ohio Supreme Court; (4) the statute of limitations then ran from October 27, 2005 to February 14, 2006, when Petitioner filed his Motion for Leave to File a Delayed Appeal in the Ohio Supreme Court (109 days); and (5) the statute was tolled during the pendency of this review from February 14 to March 29, 2006 under § 2244(d)(2).

Petitioner does object to the Magistrate's finding that the statute of limitations began running again on March 29, 2006. He argues he was entitled to ninety days of tolling from March 29 to June 27, 2006, the last day on which he could have sought a writ of certiorari in the U.S. Supreme Court. Under the Magistrate's calculation, Petitioner's statute of limitations expired on December 10, 2006. Under Petitioner's proposed calculation, the deadline would be March 10, 2007.

The Magistrate arrived at the disputed conclusion by applying the Supreme Court's recent decision in *Lawrence v. Florida*, _____ U.S. ____, 127 S. Ct. 1079 (2007).  In *Lawrence*, the Supreme Court concluded the period of tolling during the pendency of an "application for State post-conviction or other collateral review" does **not** include the ninety days during which a petitioner could seek a writ of certiorari in the U.S. Supreme Court.  The Court stated:

> This Court is not a part of a "State's post-conviction procedures." State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a federal court. The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.

*Id.* at 1083.  This holding overruled the Sixth Circuit's contrary conclusion in *Abela v. Martin*, 348 F.3d 168 (6th Cir. 2003), which the Sixth Circuit most recently approved in *Allen v. Bell*, No. 05-6910, 2007 WL 2962586, at *3 n.1 (6th Cir. Oct. 7, 2007).  Thus, if Petitioner's delayed appeal is deemed part of his direct relief, the statute was tolled for ninety days after the Supreme Court of Ohio denied it; if it is part of his collateral or postconviction relief , the statute ran during those ninety days.

Petitioner claims his motion for a delayed appeal in the Supreme Court of Ohio was part of the "direct" appeal and was not "postconviction" or "collateral" relief.  However, the Sixth Circuit has previously held that delayed appeals in state court are collateral and therefore not part of a petitioner's direct appeal for purposes of § 2244(d).  *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001).  Further, "Rule 5(A) motions are treated as part of collateral review." *Granger v. Hurt*, 90 Fed. App'x. 97, 100 (6th Cir. 2004) (holding delayed appeals "are treated as part of collateral review").  Other district courts have also held that

4

delayed appeals are not part of the direct appeal process under 28 U.S.C. § 2244(d), and for support have cited *Searcy* and *DiCenzi*. "Motions for delayed appeal in Ohio's courts may toll the statute of limitations under 28 U.S.C. § 2244(d)(2) but are not part of the direct appeals process for purposes of 28 U.S.C. § 2244(d)." *Keister v. Eberlin*, No. 5:07 CV 0808, 2007 WL 4510218, at * 2 (N.D. Ohio Nov. 26, 2007); *see also Hammond v. Gansheimer*, No. 5:06 CV 2339, 2008 WL 163611, at * 1 (N.D. Ohio Jan. 17, 2008).

Petitioner cites *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) where the court characterized a delayed appeal in the Supreme Court of Ohio as part of "direct review." However, the court in that case did not address the statutory question under review in the instant case, and determining the nature of delayed appeals was not material to that court's holding. When the Sixth Circuit directly addressed this question in *Granger*, it found a delayed appeal was not part of direct review. Furthermore, Ohio courts have treated delayed appeals as collateral. "Delayed appeal is not the same as direct appeal." *State v. Lewis*, No. 05AP-327, 2006-Ohio-2752, at ¶ 10 (Ohio Ct. App. 2006), citing *State v. Bird*, 138 Ohio App. 3d 400 (2000).

This Court concludes the Magistrate properly treated Petitioner's delayed appeal as part of collateral relief. Accordingly, Petitioner is not entitled to tolling for the ninety days during which he could have sought relief in the U.S. Supreme Court, which makes his Petition in this Court untimely.

## CONCLUSION

After conducting a *de novo* review of the portions of the Report and Recommendation objected to by Petitioner, the Magistrate's Report and Recommendation is hereby adopted and affirmed and Petitioner's claims are dismissed.

5

Petitioner has failed to show the existence of any set of facts upon which he could prevail. Accordingly, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

                        s/ *Jack Zouhary*
                    JACK ZOUHARY
                    U. S. DISTRICT JUDGE

                    January 31, 2008